UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NICHOLAS RYAN DE PALO,

    Plaintiff,

vs.                              Case No. 2:12-cv-103-FtM-29SPC

GM ESPLANADE, LLC and C. STEWART
ESPLANADE, LLC,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on a *sua sponte* jurisdictional review of the Amended Complaint (Doc. #7) filed on April 19, 2012. Defendant appeared and filed an Answer and Affirmative Defenses (Doc. #11) and raised lack of standing in the First and Second Affirmative Defenses. Upon review, the Court finds that the Amended Complaint is due to be dismissed for failure to allege standing.

Standing is an "essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Standing is a "threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." Dimaio v. Democratic Nat'l Comm., 520 F.3d 1299, 1301 (11th Cir. 2008)(citations omitted). Standing requires plaintiff to have suffered an injury in fact, which is concrete and particularized

and actual or imminent; with a causal connection between the injury and the conduct complained of; and it must be likely, not merely speculative, that the injury will be redressed by a favorable decision. Lujan, 504 U.S. at 560-561 (internal citations omitted). There must be a "reasonable chance" of revisiting a facility, other than "someday" for injunctive relief. Access for Am., Inc. v. Associated Out-Door Clubs, Inc., 188 F. App'x 818 (11th Cir. 2006).

The Amended Complaint (Doc. #7) alleges that plaintiff is a resident of Miami-Dade County, Florida and is disabled as defined by the Americans with Disabilities Act (ADA) and confined to a wheelchair for mobility purposes. Plaintiff's access to the "Facility" and/or full enjoyment of the facilities was restricted or will be restricted or limited in the future until ADA violations at the Facility are remedied. (Doc. #7, ¶ 2.) Plaintiff also asserts that he is a "tester" for ADA violations. (Id., ¶ 3.) In this case, plaintiff visited the "Facility", encountered barriers, engaged and tested the barriers, suffered legal harm and injury, and will continue to suffer such harm and injury as a result of the barriers. (Id.) The "Facility" is The Esplanade Shoppes in Marco Island, Florida, and is a public accommodation and service establishment. (Id., ¶¶ 6, 11.) Plaintiff attempted to access the Facility but could not do so because of the physical barriers to his disability, and plaintiff intends to visit the Facility again in the near future but will be unable to do so because of the

physical barriers to his disability.  (Id., ¶¶ 14-15.)  Plaintiff lists 19 general violations at the Facility which can be remedied without much difficulty or expense.  (Id., ¶¶ 17, 20.)

Plaintiff does not identify what the "Facility" consists of, or when and why plaintiff may visit the Facility in the future. Further, plaintiff does not indicate what parts of the Facility were visited[1], what barriers plaintiff personally encountered or will encounter in the future, or how the barriers affected his ability to enjoy anything at the Facility.  As previously noted in the Middle District of Florida[2], the Amended Complaint is generically pled with no specific facts particular to the defendant in this case, and therefore no concrete injury in fact to support standing.  See, e.g., de Palo v. Countryside Station Ltd. Liab. Co., 6:12-cv-204-Orl-31KRS, 2010 WL 1231968, 2012 U.S. Dist. LEXIS 51394 (M.D. Fla. Apr. 12, 2012); de Palo v. CMC/Village Mkt. Place Ltd., 2:11-cv-683-FTM-99SPC (M.D. Fla. June 27, 2012).

Accordingly, it is now

---

[1] The Court takes judicial notice of the fact that the "Facility" consists of "more than 1,100 feet of waterfront on Smokehouse Bay with nearly 50,000 square feet of retail and office space, 72 multi-family waterfront residences and a 77-boat-slip marina." http://esplanadeshoppes.com/

[2] This particular plaintiff has filed 16 cases in the Middle District of Florida; 2 cases in the Northern District of Florida; and 12 cases in the Southern District of Florida.  See PACER. Nonetheless, counsel consistently states that the case is not related to any pending or closed civil or criminal case in the Notice of Pendency of Other Actions (Doc. #5).

**ORDERED:**

1. The Amended Complaint (Doc. #7) is **dismissed** for lack of standing.

2. Plaintiff shall file a Second Amended Complaint **on or before July 27, 2012**, if standing can properly be alleged. If no Second Amended Complaint is filed, the case will be closed without further notice.

**DONE AND ORDERED** at Fort Myers, Florida, this __12th__ day of July, 2012.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record